# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **RANDALL BYARD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:19-cv-00659 |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Defendant. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **TERESA M. APODACA, individually,** | ) |
| **and as legal guardian of, Y.J.S.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No.: 3:20-cv-00515 |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On December 14, 2018, Daryl Mumford, a mail carrier, admittedly ran a stop sign at the intersection of Highway 48/13 and Freeman Road in Montgomery County, Tennessee. This prompted Randall Byard to swerve in an attempt to avoid a crash, but he was unsuccessful in that maneuver. Instead, Byard's Nissan Frontier struck Mumford's Jeep Cherokee, careened across Highway 48/13, left the roadway, and traveled 363 feet before crashing into a tree.

As a result of the collision, Byard claims that he suffered a fracture to the lumbar transverse process, multiple rib fractures, a right proximal humeral shaft fracture, and closed fractures of the left distal radius and left ulnar. In a companion action, Teresa Apodaca, on behalf of Yasmin J. Smith, who was a passenger in Byard's vehicle, also claims unspecified personal injuries as a result

of the crash.

Because Mumford admits that he ran the stop sign and Byard testified in his deposition that he exercised due care and was not under the influence of any drugs or alcohol, Byard has moved for summary judgment on the issue of liability. The Government opposes that motion on the grounds that, prior to the accident, Byard was totally disabled from several injuries he sustained in an accident in December 2010, for which he was prescribed numerous medications, including opioids that he normally took three times a day. According to the Government, Byard also has a long history of marijuana use that pre- and post-dated the accident. Moreover, Byard's claim that he was exercising appropriate due care does not square with the allegation that he traveled at a high rate of speed for more than the length of a football field before striking the tree.

"Whether the defendant's negligence actually caused the particular injury complained of is generally a question of fact to be determined by the factfinder." McMurry v. Metro. Gov't of Nashville, 2003 WL 535918, at *8 (Tenn. Ct. App. Feb. 26, 2003). Therefore, "[it is well settled that it is the rare negligence case that can be resolved by summary judgment." Reidinger v. Trans World Airlines, Inc., 463 F.2d 1017, 1021 (6th Cir. 1972).

"The grant of summary judgment in a plaintiff's favor is rarer still" because "[a] defendant need only establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law as to any one of the elements of a negligence claim." McAdoo v. Wal-Mart Stores E., L.P., No. 3:15-CV-00917, 2017 WL 3581096, at *2 (M.D. Tenn. Aug. 18, 2017) citing Satterfield v. Breeding Insulation Co., 266 S.W.3d 347, 355 (Tenn. 2008). "In contrast, a plaintiff must establish that there are no genuine issues of material fact on all of the elements and that he or she is entitled to judgment under the law." Id. Furthermore, Tennessee is a modified comparative

2

fault state, McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992) and "Tennessee courts have frequently held that comparative fault is a jury question unless the proof is so clear that reasonable minds could not disagree." Wilson v. TMBC, LLC, No. W2013-01907-COA-R3CV, 2014 WL 2191992, at *6 (Tenn. Ct. App. May 27, 2014) (collecting cases); see also Staples v. CBL & Assocs., Inc., 15 S.W.3d 83, 92 (Tenn.2000) ("Because reasonable minds can differ on the reasonableness of [plaintiff's] actions and the extent of her fault, a jury should have decided the questions of fact relevant to this issue[.]").

Here, it may very well be that Byard did not take any opioids on the morning of the accident, had not smoked any marijuana in the days preceding the crash, and Tennessee Highway Patrol Trooper Javier Allen did not detect the smell of marijuana or find any evidence of either party being impaired. It may also be that the accelerator "stuck" as a result of the collision with Mumford's Jeep, as Byard claimed in his deposition. However, it will be for the jury to assess Byard's credibility, because a court cannot make any credibility determinations on summary judgment, let alone on a paper record. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]).

Accordingly, Byard's Motion for Summary Judgment (Doc. No. 58) is **DENIED**, and this case will proceed to a jury trial on August 24, 2021, as previously scheduled.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE